UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOMO T.,[1] | : | Case No. 3:21-cv-105 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Jomo T. brings this case before the Court challenging the Social Security Administration's denial of his application for Supplemental Security Income (SSI). This case is before the Court upon Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in Opposition (Doc. #14), Plaintiff's Reply (Doc. #15), and the administrative record (Doc. #10).

**I.  Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on February 26, 2018, alleging disability due to several impairments, including post-traumatic stress disorder (PTSD), major depressive disorder, and anxiety. (Doc. #10, *PageID* #268). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful employment since February 26, 2018, the application date. |
| Step 2: | He has the severe impairments of degenerative joint disease of the wrist, PTSD, depression, anxiety, and a personality disorder. |
| Step 3: | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work, except, "he is limited to occasionally climbing ladders, ropes, or scaffolds. He is able to frequently handle, finger, and feel with the right upper extremity. He should have no exposure to unprotected heights or dangerous machinery. [Plaintiff] is able to perform tasks that are not at a production rate pace and without strict production quotas. He is limited to occasional interaction with supervisors and coworkers with no interaction with the general public and no jobs requiring teamwork or tandem tasks. [Plaintiff] is able to tolerate occasional changes to a routine work setting defined as one to two per week." |

|        |                                                                           |
|--------|---------------------------------------------------------------------------|
|        | He has no past relevant work.                                             |
| Step 5: | He can perform a significant number of jobs that exist in the national economy. |

(Doc. #10, *PageID* #s 61-75). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability since August 17, 2018, the date the application was filed. *Id.* at 75-76.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10, *PageID* #s 62-73), Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in Opposition (Doc. #14), and Plaintiff's Reply (Doc. #15). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow

its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. Discussion

Plaintiff argues that the ALJ erred in his consideration of the mental health opinion evidence of record. (Doc. #11, *PageID* #534). In response, the Commissioner maintains that substantial evidence supports the ALJ's decision. (Doc. #14, *PageID #s* 554-61).

#### A. Medical Opinions

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. Those standards recently changed for claims filed on or after March 27, 2017. 20 C.F.R. § 416.920c. Because Plaintiff's claim for disability was filed in 2018, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to this case.

Under the new regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …." 20 C.F.R. § 416.920c(a). Instead, the new regulations direct the ALJ to evaluate the persuasiveness of each medical opinion by considering the five following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." § 416.920c(c). Further, because the regulations consider supportability and consistency the "most important factors," ALJs are obligated to "explain how [they] considered the supportability and consistency factors for a medical source's

medical opinions," while they "may, but are not required to, explain how [they] considered" the remaining factors. § 416.920c(b)(2).

With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." § 416.920c(c)(1). Similarly, with respect to the consistency factor, "[t]he more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ...." § 416.920c(c)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id*.

Here, Plaintiff first challenges the ALJ's review of the medical opinions provided by Kristen Haskins, Psy.D., and Jennifer Swain, Psy.D. (Doc. #11, *PageID* #s 534-537). Dr. Haskins

5

reviewed Plaintiff's medical records and provided an opinion on his mental functional limitations in July 2018. (Doc. #10, *PageID* #s 129-31). According to Dr. Haskins, Plaintiff was moderately limited in his abilities to maintain attention and concentration for extended periods of time as well as in his ability to work in coordination with or in proximity to others without being distracted by them. *Id*. at 129-30. She also opined that Plaintiff was moderately limited in his ability to complete a normal workday or week without interruptions from psychologically based symptoms. *Id*. at 130. She noted that Plaintiff's diagnosis of major depressive disorder, PTSD, and antisocial personality disorder would require a work environment where he could complete short cycle tasks in a setting that does not have fast-paced demand and where he can work away from others. *Id*.

As for Plaintiff's social limitations, Dr. Haskins opined that Plaintiff was moderately limited in his ability to interact with the general public, supervisors, and co-workers. *Id*. In support, she cited to report notes where Plaintiff was initially irritable and only somewhat cooperative, demanding why he was being asked to complete exam tasks. *Id*. He appeared angry and had some suspiciousness, though no motor signs of anxiety. *Id*. As a result, Dr. Haskins indicated that Plaintiff could "superficially interact with others in the work place[.]" *Id*. With regard to Plaintiff's ability to adapt, Dr. Haskins opined that he was moderately limited in his ability to respond appropriately to changes in the work setting, explaining that he "can work within a set routine where major changes are explained in advance and gradually implemented to allow [him] time to adjust to the new expectations." *Id*. Finally, Dr. Haskins noted that Plaintiff's "ability to handle routine stress and pressure in the work place would be reduced, but adequate to handle tasks without strict time limitations or production standards." *Id*.

Shortly thereafter, in August 2018, Dr. Swain reviewed the medical evidence and found that it was consistent with Dr. Haskin's opinions. (Doc. #10, *PageID* #s 279-80).

Upon his review, ALJ Adkins ultimately found the opinions of Drs. Haskins and Swain to be "somewhat persuasive" as they were "mostly supported by and consistent with the record[.]" (Doc. #10, *PageID* #72). In reaching this conclusion, he observed that the opined limitations were consistent with Plaintiff's performance on his psychological consultative examination and interview responses as well as his general presentation of adequate mental functioning, cognition, memory, and thought processes. *Id*. Despite this endorsement, ALJ Adkins failed to incorporate a key aspect of Dr. Haskins' opinion, specifically, that Plaintiff could only "superficially interact with others in the work place." (Doc. #10, *PageID* #130). Instead, ALJ Adkins formulated an RFC that found Plaintiff to be "capable of occasional interaction with supervisors and coworkers with no interaction with the general public and no jobs involving teamwork or tandem tasks." (Doc. #10, *PageID* #66). In other words, ALJ Adkins restricted Plaintiff to "occasional" interactions with supervisors and coworkers but omitted the specific recommendation that Plaintiff's interactions be "superficial." Acknowledging the discrepancy, ALJ Adkins nonetheless maintained that the "spirit of [her] opinion was adopted with additional social limitations to address the vague and undefined terms." *Id*. at 72.

Contrary to ALJ Adkins' opinion, "superficial interaction" is a well-recognized work-related limitation. Indeed, courts have routinely recognized the distinction between limiting the *quantity* of time spent with an individual with the limitation relating to the *quality* of the interactions—including a limitation to "superficial" interaction. *See, e.g., Corey v. Comm'r Soc.*

*Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) (Vascura, M.J.) ("[R]eversal is warranted because the ALJ assigned significant weight to [the medical] opinions, but failed to include limitations for 'superficial' interactions."); *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-018, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019) (Sargus, D.J.) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions." (emphasis added)) (*quoting Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)).

Simply put, ALJ Adkins' position that he accommodated the "spirit" of Dr. Haskins' opinion that Plaintiff be limited to superficial interaction by limiting him to occasional interactions with supervisors and coworkers is unavailing. *See Hurley*, 2018 WL 4214523, at *4 (holding that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit the plaintiff to occasional rather than superficial interactions) (internal citation omitted). While an ALJ is under no obligation to mirror a medical opinion verbatim, he does have an obligation to "meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably." *Ryan*, 307 F. Supp. 3d at 803; *see also, Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9–10 (S.D. Ohio Dec. 21, 2017) (Preston Deavers, M.J.) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). Furthermore, by failing to explain why certain limitations were not incorporated into the RFC, an ALJ prevents the

8

reviewing court from conducting a meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio April 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the court was "unable to trace the path of the ALJ's reasoning").

Finally, ALJ Adkins' failure to address the omitted limitation does not constitute harmless error. Indeed, "an error is harmless only if remanding the matter to the agency 'would be an idle and useless formality' because 'there is [no] reason to believe that [it] might lead to a different result.'" *Stacey*, 451 F. App'x at 520 (*quoting Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x. 171, 173 (6th Cir. 2004)). Here, it is not clear whether Plaintiff could perform work in the national economy if his abilities are as limited as opined by the Drs. Haskins and Swain. Additionally, "[r]emanding this case is not a mere formality, as it 'would propel [our Court] into the domain which Congress has set aside exclusively for the administrative agency,' if we were to determine the jobs available to [Plaintiff] based upon [his] limitations." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009) (citations omitted).

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[2]

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

**B.     Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security

Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ is directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Supplemental Security Income should be granted.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Statement of Errors (Doc. #11) is **GRANTED;**

2. The Commissioner's non-disability finding be vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case be terminated on the Court's docket.

August 17, 2022                                                  *s/Peter B. Silvain, Jr.*
                                                                 Peter B. Silvain, Jr.
                                                                 United States Magistrate Judge